FILED
2021 Aug-11  AM 10:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| LINDA J. LAYMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.: |
| | ) |
| AVI FOODSYSTEMS, INC. as | ) |
| Plan Administrator; AVI | ) |
| FOODSYSTEMS, INC. | ) |
| WELFARE PLAN, and AETNA | ) |
| LIFE INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW**, the Plaintiff Linda J. Laymon, and in support of her Complaint says as follows:

## PARTIES

1. The Plaintiff is a former employee of the Defendant AVI Foodsystems, Inc. (hereafter "AVI"), and she is a citizen and resident of Calhoun County, Alabama.

2. AVI was the employer for the Plaintiff during the relevant time periods in question and it was the plan administrator for the AVI Foodsystems, Inc. Welfare Plan ("the Plan"), which upon information and belief included a group health plan

1

covering its employees. It was completely and/or partially responsible for compliance with the law as to notices regarding health benefit coverage, administration of COBRA as to the health plan component and benefits for participants.

3. AVI does business by agent or otherwise in this District.

4. Defendant AVI Foodsystems, Inc. Welfare Plan is a plan administered by AVI and all medical benefits due to be paid are paid through this plan.

5. Aetna Life Insurance Company ("Aetna") was the insurer for the AVI Foodsystems, Inc. Welfare Plan and/or AVI Foodsystems, Inc., providing group health insurance coverage under Group Policy No. 0847784-10-001 A P1*8V0. Upon information and belief, in this capacity, Aetna, jointly and/or severally with AVI, served as a fiduciary for the payment of claims, the administration of COBRA notice, and other Plan functions.

6. Aetna does business by agent or otherwise in this District.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the matters alleged herein pursuant to 29 U.S.C. §§ 1132(e)(f), 1161 *et seq.* and 28 U.S.C. § 1331.

6. Venue is proper under 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## FACTS GIVING RISE TO THIS LITIGATION

7. The Plaintiff, at material times, was employed as a Cash Controller with AVI. As an employee she was covered under the Plan for which AVI was the Plan Administrator.

8. Plaintiff had been experiencing significant health issues since 2018 when she suffered a stroke and was transported to the hospital in August 2018.

9. She remained hospitalized for around four (4) days from this event before having to undergo another eleven (11) days for rehabilitation and additional therapy.

10. During that time, Plaintiff went out on FMLA leave, which eventually expired on November 20, 2018.

11. Shortly after the expiration of her FMLA leave, Plaintiff received a COBRA Continuation of Coverage Election Notice dated November 20, 2018.

12. On December 23, 2018, Plaintiff's treating physician released Plaintiff to return to work, and Plaintiff in fact was permitted by AVI to return to work beginning January 6, 2019, a date that took into account the two-week closure of the Honda plant and its cafeteria for the Christmas/New Year's holiday period.

13. Plaintiff was informed that her return was being treated as a re-hire, but that her pay would remain the same as before, she would have to wait three (3)

months for her insurance to resume, and she would not be granted time off for six (6) months.

14. Plaintiff successfully continued to work, having sufficiently recovered from her August 2018 stroke, through August 11, 2019.

15. Plaintiff was scheduled to be off on the following day, August 12, 2019, so she could have a heart catheterization at Regional Medical Center.

16. Plaintiff attended her August 12, 2019, appointment as scheduled. During that procedure, however, it was discovered she had several blockages that proved serious in nature. She was immediately rushed by ambulance to UAB in Birmingham for an emergency triple bypass and then remained at UAB for an additional nine (9) days while she recovered from the surgery.

17. After the surgery, she underwent rehab at the Tyler Center and with home health care. The catheterization procedure, the emergency surgery, and the care Plaintiff received afterward, had received prior approval from the Plan as being covered before treatment occurred.

18. Because Plaintiff was not able to return to work while receiving care and recovering from her bypass surgery, she had to again apply for FMLA leave and also for short-term disability.

19. Both her leave and her disability coverage was approved through October 31, 2019.

20. By that time, it had become apparent to Plaintiff that she could not return to work again, so she submitted a letter of resignation to AVI, as AVI had instructed her to do, indicating that she was leaving her job as of November 1, 2019.

21. It was around this time that Plaintiff started receiving notices from Regional Medical Center, UAB and other providers informing her for the first time that coverage was not being provided by her Plan or Aetna for the services she had received, and that Plaintiff was therefore being held responsible for paying the significant charges she had incurred (and was continuing to incur).

22. When she received these notices, Plaintiff's daughter, acting on Plaintiff's behalf, contacted AVI to discuss the issue with the person they had understood to be a manager of benefits named Keith McDonald. Plaintiff contacted AVI at this time because she had been informed that she had lost her coverage with Aetna.

23. Mr. McDonald informed Plaintiff's daughter that a coding error had occurred when Plaintiff entered the hospital on August 12, 2019, that had the effect of showing Plaintiff's coverage had ended. Mr. McDonald assured her that the error would be corrected, and the bills would be paid, and there would be no need for her providers to re-file each claim.

24. After Plaintiff continued to receive collection notices from her providers in January 2020, her daughter contacted Mr. McDonald with AVI again

and was informed that AVI showed her as still being employed at of the time of the call and as still being a covered participant under the Plan. Plaintiff's daughter noted that AVI's information at least about Plaintiff's employment status was incorrect and noted Plaintiff's November 2019 resignation letter.

25. Following this phone call, however, AVI retroactively terminated Plaintiff's health coverage under the Plan effective October 14, 2019, instead of the date of Plaintiff's resignation on October 31, 2019.

26. At no time during this period, or since, did Plaintiff receive a COBRA package or COBRA notice regarding her right to continue her health insurance.

27. However, claims that Plaintiff had incurred in those previous months continued to be reversed by Aetna, including a claim for a date of service on October 30, 2019. As before, such claims were denied by Aetna for lack of coverage.

28. Upon information and belief, AVI and Aetna, individually or in concert, committed a number of errors that culminated with the failure to provide timely notice to Plaintiff so her coverage could be continued, and her claims could be paid.

29. Further, AVI, Aetna and the Plan committed errors that resulted in a lack of coverage even while Plaintiff was still a covered participant in the Plan and still employed and/or in leave status through the end of October 2019.

30. Defendants, having been advised of these errors, have yet to remedy these errors.

31. Further, Defendants have failed to resolve this COBRA notice violation and further, have failed to respond to written requests for Plan documents under ERISA.

32. It has essentially come to pass that Plaintiff, upon the performance of her heart procedure in August 2019, was left without insurance coverage notwithstanding her continued status as an AVI employee and Plan participant.

33. Plaintiff has since continued to incur medical expenses that should have been paid by the Plan or through a COBRA election but were not. This has left Plaintiff in a significant state of distress and anxiety that has only increased while AVI continues to leave these errors and breaches of law uncorrected.

34. On November 20, 2020, Plaintiff, through counsel, issued a written request for all plan documents regarding her health coverage, including summary plan descriptions and other documents that govern Plan administration.

35. AVI has not complied fully with that request as of the date of this filing.

36. Plaintiff should have been covered under AVI's Plan at least through the end of her leave time/employment with AVI at the end of October.

37. Plaintiff, on or about August 12, 2019, that being the date that the denial of her claims suggests she retroactively lost coverage, experienced a qualifying event and was entitled to receive notice pursuant to 29 U.S.C. §§ 1161 et seq. pertaining

to the Consolidated Omnibus Budget Reconciliation Act (COBRA) as to ongoing health insurance benefits.

38. Plaintiff did not receive this required notice; rather, when she attempted to continue using her health insurance beginning with her heart catheterization procedure and triple bypass surgery, she discovered months later that her coverage had been terminated.

39. As a result of Defendants' actions, Plaintiff has been left with unpaid medical bills she cannot afford to pay.

40. Defendants' adverse actions have left Plaintiff in a difficult position financially.

41. Plaintiff has exhausted all efforts to resolve this matter and has not been provided with administrative procedures for any appeal process relating to these matters. Thus, none are known to Plaintiff and further pursuit of any such remedies is futile.

## COUNT I

42. Plaintiff incorporates by reference all previous paragraphs of this Complaint.

43. This Count is brought pursuant to 29 U.S.C. § 1132(a)(1)(B), (a)(3), (c) and §1161 *et seq.* This Count pertains to the failure of Defendants to provide the statutorily required timely COBRA notice and resulting unpaid medical bills.

54. The Defendants owed the following fiduciary duties to the Plaintiff:

   a. Plaintiff was entitled to the summary plan description within ninety (90) days of her becoming a participant.

   b. Plaintiff was entitled to the statutorily required COBRA notice within the time periods required by law.

   c. The Plaintiff was entitled to accurate information related to the costs of continued health benefit and a bill for premiums due.

55. Defendants, jointly and/or severally breached fiduciary duties which caused and/or contributed to the failure to provide the statutorily required COBRA notices in a timely manner following a qualifying event as defined in 29 U.S.C. § 1163. These statutory and fiduciary breaches through these combined actions resulted in non-payment of medical bills and incurrence of medical bills without notice that coverage was not available.

56. As a result of the combined and/or independent breaches of duty by Defendants, the Plaintiff seeks statutory penalties of up to $110 per day per violation as provided by 29 U.S.C. § 1132 (c) and for such other further different equitable or appropriate relief which the Court may provide including, but not limited to, an order requiring that AVI, Aetna and/or the Plan to pay for all medical bills incurred by the Plaintiff since August 12, 2019 and to reinstate the Plaintiff's right to be a participant

in the group health plan for eighteen (18) months, and if disabled for such additional time as is permitted under the law.

WHEREFORE, the premises considered, the Plaintiff demands judgment against Defendants as follows:

a) For a statutory penalty up to $110 per day commencing on the 45th day after the statutorily required COBRA notice was due to be provided;

b) For equitable or legal relief including payment through the Plan of all medical bills from the time period of August 2019 forward, such that the Plaintiff owes no sums of money that would have been covered by health benefit;

c) For attorney's fees under 29 U.S.C. § 1132;

d) For interest on unpaid medical bills at 1.5% per month;

e) For costs of this action and all expenses incurred by the Plaintiff in connection with this matter;

f) For indemnity and provision of a defense for all collection matters asserted against the Plaintiff for unpaid medical bills and claims for interest and attorney's fees and costs arising out of the unpaid medical claims;

g) For such other equitable relief and appropriate relief as this Court deems appropriate including a surcharge to deter similar conduct by AVI in the future; and

## COUNT TWO

57. The Plaintiff incorporates by reference the previous paragraphs numbered 1 thorough 51 of this Complaint.

58. This Count is brought pursuant to 29 U.S.C. § 1132(c).

59. According to the Plaintiff's information, knowledge, and belief, AVI is the plan administrator or "de facto" plan administrator or fiduciary performing or assuming duties of "any administrator" and/or is an agent for others who had an obligation to comply with requests for information which were required by law to be furnished under 29 U.S.C. § 1132(c).

60. Under 29 U.S.C. §§ 1024 and 1029, the Secretary of Labor prescribes what documents must be furnished.

61. Under 29 C.F.R. § 2560.503-1, a participant is entitled to have reasonable access to all information relevant to a claim for benefits.

62. AVI has breached these duties by failing to produce all plan documents requested by the Plaintiff on November 20, 2020. All plan documents and the summary plan description were due to be provided within 30 days of the receipt of this request.

63. The documents were known to be in the possession of AVI and are believed to be currently in the possession of AVI. AVI has not complied with the

above requests for information in violation of the statutory duties and/or delegated or assumed duties.

WHEREFORE, the Plaintiff demands judgment against AVI as follows:

a) For an award of $110.00 per day for each day AVI did not provide the plan documents which it was required to provide and continuing until such time as the Court finds that AVI has satisfactorily provided all documents requested;

b) For attorney's fees, case expenses, and costs of this action; and

c) For such other relief as may be just and proper under 29 U.S.C. § 1132(c).

Respectfully submitted,

/s/ M. Clayborn Williams
M. Clayborn Williams
(ASB-9101-A43M)
clay@erisacase.com
David P. Martin
(ASB-3500M68D)

**The Martin Law Group, LLC**
**Attorneys for Plaintiff**
P.O. Box 20087
Tuscaloosa, AL 35402-0087
Phone (205) 343-1771
Facsimile (205) 343-1781

**Plaintiff's Address:**

Linda Laymon
c/o The Martin Law Group, LLC
P.O. Box 20087
Tuscaloosa, AL 35402

**Defendants' Addresses:**

AVI FoodSystems, Inc
Plan Administrator
c/o Chris Gaitanos
5700 Valleyview Road
Fairfield, AL 35064

AVI FoodSystems, Inc
Welfare Plan
c/o Chris Gaitanos
5700 Valleyview Road
Fairfield, AL 35064

Aetna Life Insurance Company
c/o James Shaw
800 1st Avenue North
Birmingham, AL 35203